**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| DARRELL K. THOMPSON, WILLIAM T. HOLT (deceased), LEATHA J. HOLT (next of kin), and NEWAIR MANUFACTURING, LLC,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., MEDTRONIC PUBLIC LIMITED COMPANY, MEDTRONIC USA, INC., STRYKER CORPORATION, PHYSIO-CONTROL INTERNATIONAL, INC., PHYSIO-CONTROL, INC., PHYSIO-CONTROL MANUFACTURING, INC., JOLIFE AB, and BAIN CAPITAL, INC.,<br><br>　　　Defendants. | Case Nos.<br>2:19-cv-2038; 2:16-cv-3013 |

## MEMORANDUM OPINION

Before the Court is Defendants Stryker Corporation, Physio-Control International, Inc., Physio-Control, Inc., Physio-Control Manufacturing, Inc. and Jolife AB (collectively, "Stryker Defendants") Motion to Dismiss Plaintiffs Darrell K. Thompson, William T. Holt (deceased), Leatha J. Holt (Next of Kin) and NewAir Manufacturing LLC (collectively, "Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and for lack of venue. (ECF Nos. 35, 49.)

## I.      BACKGROUND & PROCEDURAL HISTORY

### A.  THOMPSON I

On November 30, 2016, Plaintiffs filed Thompson I against Defendants, which was timely removed to this Court. Thompson v. Medtronic, Inc., Civil Action No. 2:16-cv-3013 (W.D. Tenn. Dec. 29, 2016). Defendants Bain Capital ("Bain"), Physio-Control International, Inc., Physio-Control, Inc. Jolife AB, and Stryker Corporation (collectively, "Stryker Defendants"), and Medtronic all filed separate motions to dismiss in February 2017. (Case No. 2:16-cv-3013, ECF Nos. 21, 23, 24.)[1] Notably, Defendants Bain and Stryker also filed their motions based on lack of personal jurisdiction. (ECF Nos. 21, 23.)

#### i.      Bain's Motion to Dismiss

In the original motion to dismiss, Bain asserted four grounds of dismissal: 1) Lack of personal jurisdiction; 2) Failure to meet pleading requirements; 3) Failure to state a claim; and 4) Preemption for Plaintiff's claims of unjust enrichment and conversion. (ECF No. 21-1 at PageID 105–21.)

The Court only reached a conclusion on Bain's motion to dismiss for lack of personal jurisdiction. (ECF No. 41.) Plaintiffs' basis for personal jurisdiction stemmed from Bain's internet advertising showing different product lines, contract information and sales. (ECF No. 27 at PageID 208.) Furthermore, Plaintiffs alleged that Bain was involved in the manufacturing and sale of Medical Device type products sold worldwide. (Id.) This Court found that "Plaintiffs' assertions regarding Bain's website simply allege a passive website that neither specifically invokes the intellectual property at issue nor is specifically directed at this forum." (ECF No. 41 at PageID 936.) Accordingly, this Court granted Bain's Motion to Dismiss for

---

[1] Unless stated otherwise, citations under section A ("Thompson I") will refer to Civil Action No. 2:16-3013.

2

lack of personal jurisdiction, but noted that it "need not reach Bain's motion to dismiss for failure to state a claim." (Id.)

### ii.     Stryker Defendants' Motion to Dismiss

The Stryker Defendants argued that this Court lacked personal jurisdiction and that the Complaint should be dismissed for failure to state a claim. (ECF No. 23-1 at PageID 134–39.) They also asserted that Plaintiffs' unjust enrichment claim was preempted and that they failed to sufficiently plead the required elements for correcting inventorship. (Id. at PageID 143–49.) Plaintiffs asserted that they did not have time to sufficiently investigate personal jurisdiction over Stryker, but alleged that Stryker was registered as a business in the State of Tennessee as "Stryker Sales Corporation." (ECF No. 28 at PageID 408.) This Court found that beyond the aforementioned allegation, Plaintiffs did not make any additional allegations connecting Stryker to this forum. (ECF No. 41 at PageID 937.) This Court granted the Stryker Defendants' Motion to Dismiss for lack of personal jurisdiction and did not reach the motion to dismiss for failure to state a claim. (Id.)

### iii.    Medtronic's Motion to Dismiss

Defendant Medtronic argued that Plaintiffs failed to state a claim for relief for both joint inventorship and unjust enrichment. (ECF No. 24-1.) Specifically, Medtronic contended that there was no allegation that the inventors worked together or that the named inventors of U.S. Patent 7,841,996 ("'996 Patent") based their work off Plaintiffs' work. (Id. at PageId 166.) The Court addressed both arguments in kind. First, this Court found:

> "Plaintiffs cannot be co-inventors of the '966 Patent because the Complaint does not allege that they collaborated with the '966 Patent's inventors, Peter Sebelius and Martina Rosell, at any time in the development of the '966 Patent nor can

3

inferences be drawn from the Complaint that Plaintiffs have ever had any contact with Sebelius or Rosell at all.  Even if Sebelius and Rosell saw the letters sent to Medtronic's representative (citation omitted), they do not amount to an open line of communication during or in temporal proximity to either Sebelius and Rosell's or Plaintiff's inventive efforts." (ECF No. 41 at PageId 939.)

With regards to Plaintiffs' unjust enrichment claims, the Court recited that "The TUTSA 'displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.'" (Id. at PageID 941.)  Furthermore, the Court found that Plaintiffs' allegations relied on the confidentiality agreement, and essentially sought a remedy for misappropriation of trade secrets.  (Id. at PageID 942.)  Accordingly, Plaintiffs' unjust enrichment claims were deemed to be preempted by the TUTSA.  The Court dismissed all claims against Medtronic.  (Id.)

### iv. The Court's Dismissal in Thompson I

The Court's Order in Thompson I ordered as follows:

"[T]he Court GRANTS Defendant Bain's Motion to Dismiss the Complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted (ECF No. 21); GRANTS the Stryker' Defendants' Motion to Dismiss for lack of personal jurisdiction and failure to 'state claims for relief for correction of inventor or unjust enrichment' (ECF No. 23); and GRANTS Defendant Medtronic's Motion to Dismiss for failure to state a claim upon which relief can be granted (ECF No. 24.)" (Id.)

The Court went on to say, **"Having dismissed all of Plaintiffs' claims against the Defendants, the Court hereby DISMISSES this case with prejudice."** (Id. at PageId 943.) (emphasis added)

### v. Plaintiffs' Motions to Amend Judgment

On October 19, 2017, Plaintiff filed a *pro se* Motion to Amend a Judgment Order Granting Defendants' Motion to Dismiss and Dismissing Case with Prejudice in order to

4

"correct a mistake of law." (ECF No. 43.) All of the arguments made in the briefing were only with respect to the dismissal on the merits, not the lack of personal jurisdiction over Bain and Stryker. (Id.) Plaintiffs then argued for several pages that the Court made a mistake in law by not allowing the case to proceed to a jury trial. (Id. at PageID 952–55.) The Court addressed these arguments in its Order Denying Motion to Amend Judgment and Order Denying Motion for Extension of Time to File Appeal:

> "[B]oth motions were filed [*pro se*] by Thompson while Larry E. Fitzgerald was counsel of record for all Plaintiffs, including Thompson. Accordingly, the motions are both DENIED for violating Local Rule 83.4(f). Moreover, the Court's January 31, 2018, Order to Show Cause instructed Plaintiffs' prospective new counsel to appear within fourteen days and to show cause, within fourteen (14) days following the appearance, why the Court should not deny the motions for violating Local Rule 83.4(f). Counsel appeared on the nineteenth (19th) day following the order's entry, in violation of the Court's Order. Accordingly, both motions are DENIED." ((ECF No. 62 at PageID 1100.)

Furthermore, the Court addressed Plaintiffs' motion on the merits, finding that there were no mistakes of law for any of Plaintiffs' five substantive arguments. (Id. at PageID 1100–103.)

Following the Court's Order denying the motions to amend the judgment and for more time to file an appeal, Plaintiffs' filed a Motion to Amend Order Granting Defendants' Motions to Dismiss & Dismissing Case with Prejudice, Judgment, and Order Denying Motion to Amend Judgment and Order Denying motion for Extension of Time to File Appeal and Brief in Support. (ECF No. 63.) In this motion, Plaintiffs noted that the "Court's Order and Judgment does not address the dismissal without prejudice of Bain Capital and Stryker Defendant's claims." (Id. at PageID 1113.) Plaintiffs pointed out the inconsistency in this Court's language:

> "Defendants Bain Capital and the Stryker Defendants both included Fed. R. Civ. P. 12(b)(2) grounds for dismissal for lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) grounds for dismissal for failure to state a claim up on which

5

relief can be granted. The Court properly addressed that only the Fed. R. Civ. P. 12(b)(2) claim was being considered and that the Fed. R. Civ. P. 12(b)(6) need not be further considered. However, in its conclusion, the Court stated, 'Having dismissed all of Plaintiffs' claims against the Defendants, the Court hereby DISMISSES this case with prejudice.' (ECF No. 41.)" Plaintiffs further argued that "[b]ecause the dismissal for Bain Capital and for the Stryker Defendants was grounded upon Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, the Order should not have operated to dismiss these claims with prejudice. Thus, the Order should be amended to note that the dismissal of claims against Bain Capital and the Stryker Defendants was without prejudice." (Id. at PageId 1114–115.)

The Court denied this motion as well. (ECF No. 69.) Plaintiffs asserted three grounds for amending the Court's prior orders: 1) They sought to amend the order of dismissal to state the dismissal of claims against Bain and Stryker was without prejudice; 2) They sought to reopen proceedings based on recalculation of Plaintiffs' time to respond; and 3) They asserted that the Court should have held the Plaintiffs to a *pro se* pleading standard. Regarding the dismissal of claims against Bain and Stryker, the Court said this argument failed based on a full reading of Federal Rule of Civil Procedure 41(b). In particular, the relevant portion of the rule provides: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." This Court reiterated that the "order dismissing claims specified that the case was dismissed with prejudice." (ECF No. 69 at PageID 1158 (citing ECF No. 41 at PageID 943.).) The Court went on to state that "Plaintiffs' argument therefore fails to address the applicable Rule or explain why the dismissal with prejudice should not apply to his claims against Bain Capital and Stryker Defendants. Accordingly, this argument does allege an error of law or other mistake. The motion is denied as to this argument." (ECF No. 69 at PageID 1159.)

### B. THOMPSON II

#### i.     Complaint in Thompson II

The case currently before this Court is Thompson II. Thompson v. Medtronic Pub. Ltd. Co, Civil Action No. 2:19-cv-2038 (W.D. Tenn. Jan. 11, 2019). Plaintiffs originally filed a Complaint in this matter for three counts of patent infringement, one count of trade secrets misappropriation under the Defend Trade Secrets Act ("DTSA"), one count of trade secrets misappropriation under the Tennessee Uniform Trade Secrets Act ("TUTSA"), and one count of fraud. (Case No. 2:19-2038, ECF No. 1.)[2] This was filed against the same defendants (or their privies) as the ones in Thompson I. Since filing the Complaint, Plaintiffs and Medtronic jointly moved to dismiss Medtronic from the case. (ECF No. 43.)

The parties also filed a joint motion to stay pending resolution of the motion to dismiss. (ECF No. 36.) Plaintiffs subsequently filed an Amended Complaint asserting only direct, indirect, and contributory infringement of U.S. Patent No. 6,988,499 ("'499 Patent") against Stryker Corporation, Physio-Control International, Inc., Physio-Control, Inc., Physio-Control Manufacturing, Inc., Jolife AB, and Bain Capital, Inc. (ECF No. 48.) The Stryker Defendants Motion to Dismiss for Failure to State a Claim and/or for Improper Venue, filed on May 17, 2019, remains pending. (ECF No. 35.) Bain has been dismissed from the matter pursuant to Rule 41. (ECF No. 63.) Plaintiffs filed a Response to the Stryker Defendants' Motion to Dismiss on July 12, 2019 (ECF No. 45), and the Stryker Defendants filed a Reply on July 26, 2019 (ECF No. 49.)

Plaintiffs also filed a Request for Hearing on the Stryker Defendants' Motion to Dismiss or in the Alternative for Permission to File a Sur-reply to Stryker Defendants' Reply, in which

---

[2] Unless stated otherwise, case citations under section B ("Thompson II") will refer to Civil Action No. 2:19-2038.

7

they argue that Stryker Defendants' Reply mischaracterizes the present case by stating that Plaintiffs' patent infringement claims "arise out of the same transaction and nucleus of operative facts" as Thompson I. (ECF No. 50.) In response, Defendants argue that no hearing should be held because of various procedural defects in Plaintiffs' filing. (ECF No. 51.)

### ii.     **Stryker Defendants' Motion to Dismiss**

As reiterated by Defendants, this Court granted the Stryker Defendants' and Bain's motion to dismiss in Thompson I for lack of personal jurisdiction and did not reach their motion for failure to state a claim. (ECF No. 35-1 at PageID 355; see supra I.A.i, I.A.ii, I.A.iii.) The Court granted Medtronic's motion to dismiss on the grounds that: 1) Plaintiffs failed to state a claim for coinventorship because there were no allegations that the inventors of the '996 Patent actually collaborated with Plaintiffs; and 2) Plaintiffs failed to state a claim for unjust enrichment, because the facts giving rise to that claim alleged unauthorized trade secret use and the TUTSA preempted such a claim. (Id.)

In the current proceeding, Plaintiffs allege counts of direct, indirect, and contributory patent infringement. (ECF No. 48.) The Stryker Defendants allege that these claims could have been brought in the first action and arise from the same nucleus of facts and issues as Thompson I, and are therefore barred by *res judicata*. (ECF No. 36.) In the alternative, the Stryker Defendants ask this court to either dismiss this action for lack of venue or transfer it to the Western District of Michigan under 28 U.S.C. § 1406 (with respect to Stryker Corporation) and/or § 1404(a) (with respect to the Physio-Control entities and Jolife AB). (ECF No. 49 at PageID 463.) Each of these issues is discussed below.

## II. THE ISSUE OF RES JUDICATA IS NOW MOOT, AS THE COURT'S JUDGMENT WAS NOT AN ADJUDICATION ON THE MERITS

*Res judicata* requires four elements to be met: 1) a prior final, valid decision on the merits by a court of competent jurisdiction; 2) a second action involving the same parties, or their privies, as the first; 3) a second action arising out of the transaction or occurrence that was the subject matter of the previous action; and 4) a second action raising claims that were or could have been litigated in the first action. Dillard v. Bank of Am., 2013 U.S. Dist. LEXIS 123604, at *19–20 (W.D. Tenn. Aug. 1, 2013) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980); Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009)).

The principal dispute here boils down to the first prong: a prior final, valid decision on the merits. Federal Rule of Civil Procedure 41(b) provides, "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." In other words, the default rule for a dismissal for personal jurisdiction is *without* prejudice.

In Thompson I, however, this Court dismissed the claims *with* prejudice, and did not clarify the difference between the claims dismissed for lack of personal jurisdiction (Bain and Stryker) vs. the claims dismissed on the merits (Medtronic). (See Case No. 2:16-cv-3013, ECF No. 41 at PageID 943.) Defendants rely on this in their *res judicata* argument, noting that "Federal Rule 41(b) permits a district court to 'state otherwise' and alter the presumptive effect of the dismissal in question, and the Court's dismissal order here *did* state otherwise—it stated that the case was dismissed *with prejudice* as to all claims." (ECF No. 35-1 at PageID 357.) The Court had further denied Plaintiffs' request to amend the judgment to clarify the dismissal, which it rejected by pointing out that Plaintiffs' Motion failed to "address the applicable Rule

9

or explain why the dismissal with prejudice should not apply to his claims against Bain Capital and Stryker Defendants." (ECF No. 69 at PageID 1158–59.)

Plaintiffs in response argue that the "dismissal for lack of jurisdiction *does not* operate as an adjudication on the merits. As such, the dismissal of the previous action by the district court for lack of personal jurisdiction *does not* operate as a final, valid decision on the merits." (ECF No. 45 at PageID 420.) Furthermore, they argue that "the court dismissed the case because the complaint failed to demonstrate personal jurisdiction over the defendants, a dismissal under Fed. R. Civ. P. 12(b)(2), which cannot, as a matter of function, be a final, valid decision on the merits." (Id. at PageID 422.)

Plaintiffs are correct. The Court's dismissal in Thompson I was not an adjudication on the merits, and should have been characterized as a dismissal without prejudice with respect to the Stryker Defendants and Bain. While Plaintiffs filed a motion for reconsideration, they did not file an appeal. Federal Rule of Civil Procedure 60(d)(1) empowers a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). This rule enables the court to set aside a judgement "where there is 'no other available or adequate remedy' [and] where the party receiving relief did not create situation 'such as through [its own] fraud, accident or mistake,' and where there is a 'recognized ground—such as fraud, accident, or mistake—for equitable relief.'" Ramos v. Poore, No. 3:15-CV-518, 2017 WL 4765644 (D. Conn. Oct. 20, 2017) (citing In re Hoti Enter., L. P., 549 Fed. Appx. 43, 44 (2d Cir. 2014) (internal citation omitted)). Here, the Court recognizes its mistake in Thompson I and the confusion generated by not clarifying the differences in dismissing Medtronic, Bain, and the Stryker Defendants. Pursuant to Rule 60(d)(1), the Court hereby amends the Judgment in Thompson I, providing that Defendants Bain and Stryker were dismissed without prejudice

10

for lack of personal jurisdiction.  Thus, the issue of dismissal for *res judicata* is now MOOT as the Court's Judgment in Thompson I does not constitute an adjudication on the merits.  The Court next turns to the second principal issue outlined in the Stryker Defendants' Motion to Dismiss: Venue.

### III. PLAINTIFFS' PATENT INFRINGEMENT CLAIMS ARE NOT PROPERLY BROUGHT IN THIS JUDICIAL VENUE AND SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF MICHIGAN.

Defendants argue that venue is not proper in the Western District of Tennessee.  (ECF No. 35-1 at PageID 368.)  The Supreme Court's interpretation of patent venue in TC Heartland provides that venue for a domestic corporation that is a defendant in a patent infringement action is proper only in the district within the corporate defendant's state of incorporation, or in a district where the corporate defendant has a regular and established place of business and has committed acts of infringement.  TC Heartland, LLC v. Kraft Foods LLC, 137 S.Ct. 1514 (2017).

Defendants are not incorporated in Tennessee.  There is no dispute as to this fact.  (ECF Nos. 35-2, 35-3.)  The inquiry naturally turns to whether or not Defendants have a regular and established place of business in the district.  The Federal Circuit provided guidance in light of the Supreme Court's decision in TC Heartland.  The Court has provided "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; 2) it must be a regular and established place of business; and 3) it must be the place of the defendant.  If any statutory requirement is not satisfied, venue is improper under § 1400(b)."  In re Cray, Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Specifically, Defendants argue that there must be a geographical location in the district from which the business of the defendant is carried out on a regular basis, where the business

11

is established in the sense of a permanent, fixed location, and where the location is a place of the defendant, not solely a place of the defendant's employee.  (ECF No. 35-1 at PageID 370 (citing In re Cray, 871 F.3d at 1362–63).)  Plaintiffs appear to rely on Stryker's website, which advertises active job listings in the Western District of Tennessee.  (ECF No. 35-1 at PageID 371.)  However, Plaintiffs have not pointed to a physical location or place of business, and rely solely on general allegations in making the assertion that Stryker or Physio-Control maintain regular and established places of business in this District.  (Id.)

Plaintiffs argue that venue is proper because "the 'place' need not be a 'fixed physical presence in the sense of a formal office or store.'"  (ECF No. 45 at PageID 423 (citing In re Cray, 871 F.3d at 1362).)  Plaintiffs argue that "Stryker Defendants hire employees in Memphis, Tennessee who store Stryker products and materials at their homes and work regularly at hospitals in the area."  (Id. at PageId 423.)  They cite to the job listings, which suggest that the listings are not for virtual offices.  (Id.)  In particular, there is an offered position for "onsite specialist," which is indicative of a physical office.  (Id.)  Plaintiffs also assert that Stryker's job listings distinguish between "virtual" and "onsite," noting that an onsite listing is naturally fixed in one location.  (Id. at PageID 424.)  If the Court still has questions on venue, Plaintiffs request that it reserve the issue and allow limited discovery to the extent that Stryker Defendants have business relations and employees in the Western District of Tennessee.  (Id.)  The Court finds that Plaintiffs' statements largely amount to unsupported allegations with no evidence, and nothing to suggest that more ties to the judicial venue could be found through discovery.

Furthermore, "the third requirement when determining venue is that 'the regular and established place of business' must be 'the place of the defendant.'"  Id.  The Federal Circuit has emphasized that "it must be a place *of the defendant*, not solely a place of the defendant's

12

employee." Id.  In other words, a virtual job listing in which the employee works from his own home in this venue may satisfy the first prong (a physical place inside the Western District of Tennessee), it would fail at this prong, because a virtual job listing would naturally be at the place of the employee, and not of the defendant corporation.  Additionally, "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place.  One can also recognize that a small business might operate from a home; if that is a place of business of the defendant, that ca be a place of business satisfying the requirement of the statute."  Id.  "Another consideration might be whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place."  Id.  This consideration is particularly relevant in this matter, and depends on the job listing.

The Stryker Defendants provide declarations from Brian Mendonca, the Vice President of Physio-Control, Inc. (ECF No. 35-3) and Martial Bessee, the Senior Director of Global Real Estate at Stryker Corporation (ECF No. 35-4.).  Per these declarations, the Stryker Defendants allege that they "do not have an office or physical place of business in the Western District of Tennessee, and do not rent, lease or own an office or property in the Western District of Tennessee. (ECF Nos. 49, 35-3, 35-4.)  Furthermore, they contend that "[a]t best, Plaintiffs contend that Stryker job listings demonstrate that Stryker hires employees in Memphis, Tennessee, but even then, Plaintiffs fail to attach their evidence of such job listings.  Plaintiffs merely speculate, without any proof whatsoever, that the 'Stryker Defendants hire employees in Memphis, Tennessee who store Stryker products and materials at their homes and work regularly at hospitals in the area.'" (ECF No. 49 at PageID 461.)  The Court agrees.  Plaintiffs

13

have merely alleged, based on job listings that were not attached as exhibits for this Court to review, that Stryker maintains a "regular and established place of business" in the Western District of Tennessee so as to satisfy patent venue. Defendants further point out that "Plaintiffs have done nothing to demonstrate that the job listings require employees to reside in this district (or that employees cannot reside elsewhere, for example, across the state line in West Memphis, AR or anywhere else that is not within this judicial venue)." (Id. at PageID 462.) Even if Plaintiffs provide proof of a posting for an "onsite specialist," Defendants argue that "this is not enough to establish that Stryker Corporation has a regular and established business in the district." (Id. (citing Automated Packaging Sys. V. Free-Flow Packaging Int'l, Inc., No. 5:14-cv-2022, 2018 U.S. Dist. LEXIS 5910, at *28 (N.D. Ohio Jan. 12, 2018).)

This Court agrees with the Stryker Defendants and finds that venue is not satisfied in the Western District of Tennessee. While the Court will not dismiss the matter, it will GRANT Defendants request that it transfer the action to the United States District Court for the Western District of Michigan under 28 U.S.C. § 1406 with respect to Stryker Corporation and/or § 1404(a) with respect to the Physio-Control entities. (ECF No. 49 at PageID 463.) Stryker Corporation's worldwide headquarters is located at 2825 Airview Boulevard, Kalamazoo, MI 49002, which falls within the Western District of Michigan's jurisdiction. Venue being proper in the Western District of Michigan, the Court hereby TRANSFERS this action for further proceedings in accordance with the Rule 60(d)(1) correction of Judgment.

## IV. CONCLUSION

For the reasons set forth above, the Stryker Defendants' Motion to Dismiss for failure to state a claim and/or improper venue is GRANTED IN PART. The issue of *res judicata* is now MOOT. The Court will file a Rule 60(d)(1) Correction of Judgment for Thompson I (Civil

Action No. 2:16-cv-3013) and transfer Civil Action No. 2:19-cv-2038 to the Western District of Michigan.

**SO ORDERED**, this 3rd day of November, 2020.

        /s/ Jon P. McCalla
JON P. McCALLA
UN ITED STATES DISTRICT JUDGE